**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO. 2:24-cv-997-JES-NPM

MELANIE E. DAMIAN, AS RECEIVER OF ACCANITO EQUITY, LLC; ACCANITO EQUITY II, LLC; ACCANITO EQUITY III, LLC; ACCANITO EQUITY IV, LLC; ACCANITO CAPITAL GROUP, LLC; ACCANITO HOLDINGS, LLC; SURGE, LLC,

Plaintiff,

v.

THEODORE L. STAUB, III, ANGELA D. DENEASE, and MONTGOMERY STREET REALTY, LLC,

Defendants.

_______________________________________________/

**PLAINTIFF'S MOTION FOR ORDER AUTHORIZING SUBSTITUTED SERVICE ON DEFENDANT ANGELA D. DENEASE UNDER SECTION 48.161, FLORIDA STATUTES**

Plaintiff, Melanie E. Damian, as Receiver of Accanito Equity, LLC; Accanito Equity II, LLC; Accanito Equity III, LLC; Accanito Equity IV, LLC; Accanito Capital Group, LLC; Accanito Holdings, LLC; and Surge, LLC (the "Receiver"), moves this Court for an order authorizing substituted service of process on Defendant Angela D. Denease through the Florida Secretary of State pursuant to section 48.161, Florida Statutes, as incorporated into this action by Federal Rule of Civil Procedure 4(e)(1) and Federal Rule of Civil Procedure 69(a)(2), and states:

## SUMMARY

The Receiver seeks authorization to serve Defendant Denease, a Florida resident and post-judgment debtor who is concealing her whereabouts, by substituted service on the Secretary of

State because, despite due diligence, the Receiver has been unable to personally serve Denease with post-judgment discovery in aid of execution at either her prior, judicially recognized address or her current address. The requested method, which includes service on the Secretary of State and notice to Denease's last known addresses in accordance with section 48.161, is reasonably calculated to notify Denease of this discovery and afford her the opportunity to respond, and therefore satisfies due process.

**FACTUAL BACKGROUND**

1. On April 15, 2025, this Court entered a Final Default Judgment against Denease in the amount of $426,245.38, plus post-judgment interest. ECF No. 48.

2. In aid of execution on that judgment, the Receiver propounded Interrogatories in Aid of Execution and a Request for Production of Documents in Aid of Execution on Denease pursuant to Federal Rules of Civil Procedure 33, 34, and 69(a)(2).

3. The Receiver's background and skip-trace research reflected that Denease's current residence is 1422 SW 7th Court, Cape Coral, Florida 33991. Between August 22, 2026 and August 28, 2026, a certified process server attempted personal service of the discovery at that address on five separate occasions and at varying times of day. *See* Return of Non-Service, attached as **Exhibit A**. On each occasion, no one would answer the door for the process server, notwithstanding clear indications of occupancy, including a doorbell camera announcing the server's presence, garbage cans placed at and later returned from the curb between visits, and one occasion on which an individual opened the front door, retrieved a package, and closed the door without responding to the process server. *Id.*

4. The Receiver also directed the process server to attempt service at 3034 Royal Gardens Avenue, Fort Myers, Florida 33916, where Denease was originally served with the

Summons and Complaint in this action. On October 1, 2026, the process server attempted service at that address and was informed by the current resident that Denease moved out in March 2026. *See* Second Return of Non-Service, attached as **Exhibit B**. That address is therefore no longer a viable location for personal service, and the resident's report is consistent with the skip-trace research placing Denease at the Cape Coral address.

5. In addition to the process server's attempts, undersigned counsel has conducted the following further inquiry to locate Denease: Lee County property appraiser and tax collector records, Lee County Supervisor of Elections voter registration search, Sunbiz search of Montgomery Street Realty, LLC and any other affiliated entities, a commercial skip-trace/public-records search (e.g., Accurint or TLO), a review of the record in Denease's dissolution of marriage from Brent Seaman, federal and Florida Department of Corrections inmate registry searches, and a Defense Manpower Data Center military status search. *See* Affidavit of Diligent Search and Inquiry, attached as **Exhibit C**.

6. These efforts have not disclosed any address, other than 1422 SW 7th Court, Cape Coral, Florida 33991, at which Denease is more likely to be found, nor any indication that Denease is presently incarcerated, on active military duty, or represented by counsel of record in this action.

## ARGUMENT

Federal Rule of Civil Procedure 69(a)(2) provides that, in aid of a judgment or execution, a judgment creditor may obtain discovery from the judgment debtor as provided in the Federal Rules or by the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2). Federal Rule of Civil Procedure 4(e)(1) likewise permits service on an individual by following the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Florida law authorizes substituted service on a resident individual who "conceals his, her, or its whereabouts," after the

party seeking service has exercised due diligence to locate and personally serve that individual. Fla. Stat. § 48.161(2), (4).

A party is considered to have exercised due diligence under section 48.161 if it (a) made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service; (b) reasonably employed the knowledge at its command in seeking to effectuate personal service; and (c) made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where the party is reasonably likely to be found. Fla. Stat. § 48.161(5)(a)–(c). Florida courts have long applied a similar test, asking whether the moving party "reasonably employed knowledge at [its] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances" to acquire the information necessary to effect personal service. *Delancy v. Tobias*, 26 So. 3d 77, 79 (Fla. 3d DCA 2010) (quoting *Grammer v. Grammer*, 80 So. 2d 457, 460–61 (Fla. 1955)). A party relying on concealment must further show, "by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing [her] whereabouts." *Delancy*, 26 So. 3d at 79 (quoting *Bird v. Int'l Graphics, Inc.*, 362 So. 2d 316, 317 (Fla. 3d DCA 1978)).

This standard is fact-intensive and turns on the breadth, not merely the number, of the moving party's efforts. *Compare Gore v. Encarnacion*, 426 So. 3d 510, 513 (Fla. 4th DCA 2025) (reversing order quashing substituted service where the process server attempted service on seven dates at three addresses and at a business mailbox, searched state and national databases, and contacted known associates and neighbors), *with Rebalko v. Atallah*, 413 So. 3d 170, 173 (Fla. 4th DCA 2025) (reversing order denying motion to quash service of process where the plaintiffs attempted personal service only twice at a single address, on consecutive days during the holiday

season, and failed to pursue an obvious lead to a second known address at which they had previously served the defendant). A defendant who keeps a process server from reaching her at her known residence does not thereby defeat substituted service. *See Delancy*, 26 So. 3d at 80 (reversing order quashing substituted service made after twenty-two attempts over three months at the defendant's admittedly correct address, where a gate barred the process server from the front door, and noting that the law does not require officers of the court to "breach the self-imposed isolation" of a defendant (quoting *Luckey v. Smathers & Thompson*, 343 So. 2d 53, 54 (Fla. 3d DCA 1977))).

Here, unlike the plaintiffs in *Rebalko*, the Receiver did not stop after encountering difficulty at a single address. The Receiver pursued the lead to Denease's prior address, confirmed through a third-party resident that Denease had moved, and thereby eliminated her prior address as a place where she could be found. Together with the additional record searches described above, which likewise disclosed no other address, the Receiver's efforts resemble those found sufficient in *Gore*, and the conduct at the Cape Coral residence reflects the same avoidance of service the court recognized in *Delancy*.

Finally, service on the Secretary of State under section 48.161(2) and (4), followed by mailing and, if applicable, electronic transmission of notice and the discovery to Denease's last known addresses, and the timely filing of an affidavit of compliance, is reasonably calculated, under the circumstances, to provide actual notice and an opportunity to respond, and therefore satisfies due process.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter an order: (1) authorizing the Receiver to effect substituted service of the pending discovery in aid of execution on

Defendant, Angela D. Denease, by serving the Florida Secretary of State pursuant to section 48.161, Florida Statutes; (2) directing that such service shall be deemed effective upon the Receiver's compliance with the mailing, notice, and affidavit-of-compliance requirements of section 48.161; and (3) granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, and that a true and correct copy was also sent by U.S. Mail to: Angela D. Denease, 1422 SW 7th Court, Cape Coral, Florida 33991, and 3034 Royal Gardens Avenue, Fort Myers, Florida 33916.

Respectfully submitted,

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
Email: kpearson@dvcattorneys.com
By: */s/ Kristopher E. Pearson*
Kristopher E. Pearson
Florida Bar No. 16874